UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | |
|---|---|
| CALVIN HARRIS ) | |
| ) | No. 4:03-cv-30/4:02-cr-6 |
| v. ) | Judge Edgar |
| ) | Magistrate Judge Lee |
| UNITED STATES OF AMERICA ) | |

# REPORT AND RECOMMENDATION

This matter is before the Court on the *pro se* motion to vacate, set aside, or correct sentence filed by Calvin Harris ("Petitioner") pursuant to 28 U.S.C. § 2255 [Doc. No. 1]. Petitioner argues his counsel was ineffective: 1) during his guilty plea proceedings, 2) during his sentencing proceedings, and 3) on direct appeal [Doc. No. 1]. At the Court's direction, the United States of America ("Respondent") filed a response in opposition to the § 2255 motion [Doc. No. 5]. Harris' § 2255 motion was referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) [Doc. No. 9].

For the reasons which follow, I conclude one of the claims raised by Petitioner, *i.e.*, whether he timely requested trial counsel to file a direct appeal, cannot be resolved without an **EVIDENTIARY HEARING** pursuant to Rule 8 of the *Rules Governing Section 2255 Proceedings*. Therefore, I will hold in abeyance my recommendation regarding the issue of whether counsel was ineffective on direct appeal until after holding an appropriate evidentiary hearing on the sole issue of whether Petitioner timely requested his counsel to file an appeal.

The Petitioner is not entitled to an evidentiary hearing on the other issues raised. For the reasons set forth below, I **RECOMMEND** Petitioner's claims that his counsel was ineffective during

his guilty plea and sentencing proceedings be **DENIED** because Petitioner is not entitled to relief under § 2255.

I. *Standard of Review*

A federal prisoner may file a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence on the ground that the sentence was imposed in violation of the United States Constitution. To obtain relief under § 2255 based on an alleged constitutional error, Petitioner bears the burden of establishing an error of constitutional magnitude which had a substantial and injurious effect or influence on the criminal proceedings. *Brecht v. Abrahamson,* 507 U.S. 619, 637-38 (1993); *Watson v. United States*, 165 F.3d 486, 488 (6th Cir.1999); *Garner v. United States,* No. 4:03-cr-8, 4:04-cv-67, 2006 WL 2585066, * 1 (E.D. Tenn. Sept. 5, 2006).

II. *Factual Background*

Pursuant to a written plea agreement, Petitioner pleaded guilty to two counts of distribution of cocaine base (crack) in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) [Transcript of Rearraignment Proceedings]. The plea agreement yielded significant benefits to Petitioner. In return for his guilty plea, four counts of the indictment were dismissed. The factual basis supporting the guilty plea, as agreed to by Petitioner, was:

> The events...occurred in Bedford County which is in the Eastern District of Tennessee. On August the 28th and October the 19th, 2001, a confidential informant working with the drug task force and an undercover police officer purchased crack cocaine from the defendant in Bedford County in the Eastern District of Tennessee. That substance was sent to the TBI crime lab where it was determined in fact to be cocaine base, crack,....

[*id.* at 14-15].

The presentence investigation report ("PSR") described the offense conduct, recited a summary of the statement provided by Petitioner to law enforcement after the waiver of his rights, and attributed to Petitioner the drug quantity of 28 grams of crack cocaine [PSR ¶¶ 5-7]. The PSR noted that several cocaine purchases were made from Petitioner by a confidential informant and that Petitioner gave law enforcement a statement in which he admitted he distributed about an "eight-ball" (3.5 grams) of cocaine base per week for approximately two months [PSR ¶¶ 5-6]. The amount of cocaine base attributable to Petitioner, 28 grams, was determined based upon the Petitioner's statement to law enforcement. The PSR used and relied upon the 28 grams of cocaine base attributed to Petitioner to calculate the guideline range [PSR ¶¶ 7, 12], which was determined to be 84 to 105 months [PSR ¶ 79].

Petitioner filed a statement of no objections to the PSR. In addition, when asked at his sentencing proceeding about the PSR, Petitioner confirmed he had read the PSR and his counsel confirmed he had no objections to the PSR [Transcript of Judgment Proceedings at 2].

Petitioner was sentenced to 80 months on each of counts one and six, to be served concurrently. The remaining counts were dismissed upon the government's motion. Petitioner did not filed a direct appeal from the judgment of conviction and sentence.

### III. *Discussion*

Under the terms of Petitioner's plea agreement, he expressly waived the right to file any motions or pleadings pursuant to 28 U.S.C. § 2255 on any ground, other than ineffective assistance of counsel, prosecutorial misconduct, or subsequent change in the interpretation of the law which may affect his case [Plea Agreement, ¶ 4]. Such waivers are valid. *See Watson v. United States*, 165 F.3d 486, 488-89 (6th Cir. 1999) ("[Defendant] relinquished his right to collaterally attack his

sentence through a § 2255 motion by executing a valid waiver of this right in his plea agreement."). Respondent argues the Petitioner is attempting to avoid the waiver provision by couching his claims as ineffective assistance, but in reality is attacking the application of the guidelines [Doc. No. 5 at 6]. Regardless of the characterization of the claims, Petitioner has not shown he was provided ineffective assistance of counsel at the plea or sentencing proceedings. As noted above, however, it will be necessary to convene a hearing to determine his claim regarding ineffective assistance on direct appeal.

Ineffective assistance of counsel is judged under the two-part *Strickland* test, which requires showing performance of counsel that falls below an objective standard of reasonableness according to prevailing professional norms. *Strickland v. Washington*, 466 U.S. 668, 688 (1984). The movant must show prejudice, meaning a reasonable probability that the outcome would have been different absent the deficient performance. *Id.* at 694. Judicial review of an attorney's performance is very deferential: a reviewing court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered trial strategy." *Id.* at 689 (internal quotation omitted).

The *Strickland* test must be adjusted in cases where a defendant has pleaded guilty instead of being found guilty after a trial. *Thomas v. Foltz*, 818 F.2d 467, 480 (6th Cir.), *cert. denied*, 484 U.S. 870 (1987). To successfully challenge a guilty plea on the ground of ineffective assistance of counsel, Petitioner must show his attorney's performance fell below an objective standard of reasonableness and show a reasonable probability that, but for counsel's errors, Petitioner would not

4

have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52 (1985); *O'Hara v. Wigginton*, 24 F.3d 823, 828 (6th Cir. 1994).

In determining whether an attorney's conduct was deficient under the first prong of the *Strickland* test, Petitioner is required to demonstrate that his attorney's errors were so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland,* 466 U.S. at 687-88; *Sowell v. Bradshaw,* 372 F.3d 821, 836 (6th Cir. 2004); *Wickline v. Mitchell,* 319 F.3d 813, 819 (6th Cir. 2003). Scrutiny of the reasonableness of counsel's performance is highly deferential. Defense counsel is strongly presumed to have rendered adequate legal assistance and to have made all decisions in the exercise of reasonable professional judgment and sound legal strategy. *Nix v. Whiteside,* 475 U.S. 157, 165 (1986); *Strickland,* 466 U.S. at 689-90 (strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance); *Sowell,* 372 F.3d at 837; *Wickline,* 319 F.3d at 819; *Garner*, 2006 WL 2585066, at * 5.

A lawyer's strategic decisions are virtually unassailable on appeal. *Campbell v. Coyle,* 260 F.3d 531, 556 (6th Cir. 2001) (quoting *Strickland*, 466 U.S. at 690). Strategic choices made by an attorney after thorough investigation of the relevant facts and law are virtually unchallengeable. Strategic choices made by an attorney after less than complete investigation are reasonable to the extent that reasonable professional judgment supports the limitation or restriction placed by the attorney on the investigation. *Garner*, 2006 WL 2585066, at * 5. Defense counsel has a duty to make an objectively reasonable decision that a particular investigation is unnecessary. *Id.; Strickland,* 466 U.S. at 690-91. Finally, a defendant is entitled to competent representation, but not a perfect defense. *United States v. Natanel*, 938 F.2d 302, 309-10 (1st Cir. 1991).

The second prong of the *Strickland* test requires Petitioner to show his attorney's deficient performance prejudiced his case. The prejudice component focuses on the issue whether counsel's deficient performance renders the result in the criminal case unreliable or renders the criminal proceeding fundamentally unfair. *Lockhart v. Fretwell,* 506 U.S. 356 (1993); *Skaggs v. Parker,* 235 F.3d 261, 270 (6th Cir. 2000). The court must determine whether the performance of counsel was so manifestly deficient and ineffective that defeat was snatched from the jaws of probable victory. *West v. Seabold,* 73 F.3d 81, 84 (6th Cir. 1996); *Lewis v. Alexander,* 11 F.3d 1349, 1352 (6th Cir.1993); *United States v. Morrow,* 977 F.2d 222, 229 (6th Cir.1992) (en banc).

To establish prejudice, Petitioner must show a reasonable probability that, but for his counsel's errors and deficient performance, the result of the criminal proceeding would have been different and more favorable to Petitioner. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the criminal proceeding. *Strickland,* 466 U.S. at 693-94; *Wickline,* 319 F.3d at 819; *Skaggs,* 235 F.3d at 270-71; *Carter v. Bell,* 218 F.3d 581, 591 (6th Cir.2000).

I conclude Petitioner has not shown either prong of the *Stickland* test is met. Petitioner has not made a threshold showing that the performance of his counsel was deficient and fell below an objective standard of reasonableness. Moreover, Petitioner cannot establish that any alleged deficient performance by his counsel caused him to suffer actual prejudice. Petitioner cannot show a reasonable probability that, but for his counsel's alleged errors and deficient performance, the result of the criminal proceeding would have been different and more favorable to Petitioner.

**Claims of Ineffective Counsel at Plea Proceedings**

While not entirely clear, it appears the Petitioner is arguing his counsel, Paul Cross ("Cross"), was ineffective at the plea proceedings because Cross allowed Petitioner to enter a plea allegedly before adequate investigation was conducted. To the extent Petitioner is alleging he did not enter a voluntary, knowing, and intelligent plea, that allegation is refuted by the record. The Court carefully reviewed the provisions of the plea agreement, the waiver of rights, and the maximum penalties with Petitioner in open court [Transcript of Rearraignment Proceedings].

The record in this case clearly demonstrates Petitioner's plea was knowing and voluntary. Petitioner consented in open court to the terms of the plea; he said he understood the consequences of his guilty plea and waiver; he said he understood he was pleading guilty with the possibility of the maximum sentence; and he consciously chose to plead guilty rather than go to trial [*id.*]. The meticulous record does not reveal any impropriety in the administration of the plea agreement. By pleading guilty, Petitioner received several benefits such as the Respondent's dismissal of four counts of the indictment, a three-level reduction for acceptance of responsibility reducing Petitioner's guideline range, and the Court granted Petitioner's unopposed motion for credit of time served in pretrial state custody for conduct included in the indictment.

Under Fed. R. Crim. P. 11, the court asks the defendant certain questions that create a record that can be relied upon to insulate the guilty plea in any future appeals and collateral attacks. *Key v. United States,* 806 F.2d 133, 136 (7th Cir. 1986). Rule 11 ensures a colloquy that exposes the defendant's state of mind through personal interrogation. *Baker v. United States,* 781 F.2d 85, 88-90 (6th Cir.), *cert. denied,* 479 U.S. 1017 (1986) "Where the court has scrupulously followed the required procedure, the defendant is bound by his statements in response to the court's inquiry."

7

*United States v. Todaro,* 982 F.2d 1025, 1030 (6th Cir.), *cert. denied,* 508 U.S. 943 (1993). This Court scrupulously followed the procedure in Rule 11 and Petitioner is bound by his sworn statements made in response to the Court's inquiry under Rule 11. *Blackledge v. Allison,* 431 U.S. 63, 73-74 (1977); *Warner v. United States*, 975 F.2d 1027, 1212 (6th Cir. 1992), *cert. denied,* 507 U.S. 932 (1993).

Petitioner is not entitled to an evidentiary hearing on this issue. If the Court were to allow an evidentiary hearing on this claim, it would undermine and eliminate the chief virtues of the plea bargain process -- speed, economy, and finality. *Blackledge,* 431 U.S. at 71-72. To permit collateral attacks on guilty pleas to be based on mere conclusory claims of ineffective assistance of counsel would make every guilty plea subject to attack under § 2255 and render the oral responses given by a defendant pursuant to Rule 11 meaningless. *Blackledge,* 431 U.S. at 74; *Warner,* 975 F.2d at 1212. Petitioner is not entitled to any relief under § 2255. Not only has Petitioner failed to show his attorney's performance fell below an objective standard of reasonableness, he has failed to show any prejudice. Accordingly, I **RECOMMEND** these claims will be **DISMISSED**.

**Claims of Ineffective Counsel at Sentencing Proceedings**

Petitioner asserts his counsel was ineffective because he did not adequately investigate Petitioner's case and the drug quantity attributed to him in the PSR based upon the statement given by Petitioner to law enforcement allegedly without benefit of a *Miranda* warning [Doc. No. 1]. The Petitioner asserts Cross did not adequately investigate the factual basis of the PSR, explain the PSR to Petitioner, or object to the allegedly inaccurate information in the PSR prior to Petitioner's sentencing. As argued by Petitioner, Respondent has not submitted an affidavit from Cross explaining his actions or inactions concerning the PSR. Instead, Respondent argues the actions and

8

inactions of Cross were strategic decisions based on the strength of the evidence, noting trial counsel need not raise meritless issues [Doc. No. 5 at 13].

As the Sixth Circuit has held: "[A] defendant cannot show that a PSR is inaccurate by simply denying the PSR's truth. Instead, beyond such a bare denial, he must produce some evidence that calls the reliability or correctness of the alleged facts into question." *United States v. Long*, 333 F.3d 678, 681 (6th Cir. 2003). Petitioner produced no such evidence, and therefore, Petitioner has waived the argument and cannot raise it for the first time on collateral review pursuant to § 2255 unless he can demonstrate that the alleged error constitutes a fundamental defect which inherently resulted in a complete miscarriage of justice. *Reed v. Farley,* 512 U.S. 339, 348 (1994); *Jones v. United States,* 178 F.3d 790, 796 (6th Cir. 1999); *Grant v. United States,* 72 F.3d 503, 505-06 (6th Cir. 1996). In addition to the waiver contained in the plea agreement, Petitioner failed to raise any objection regarding the PSR at sentencing or on direct appeal, thus waiving the issue. *See Wirgau v. United States,* No. 96-1046, 1996 WL 729284 (6th Cir. Dec. 17, 1996). Petitioner, however, attempts to avoid his waiver by blaming his failure to raise issues about the PSR on alleged ineffective assistance of counsel.

After reviewing the record, I find Petitioner's claim of ineffective assistance of counsel at the sentencing proceedings is without merit. Convicted defendants, including defendants who have pleaded guilty, have a constitutional right of due process to a fair sentencing procedure that includes the right to be sentenced on the basis of accurate information. If a defendant can demonstrate false information formed a part of the basis for his sentence, then the sentence must be set aside or corrected. In order to obtain relief under § 2255, Petitioner is required to raise grave doubt about

9

the veracity of the information and show the court relied on the false information in determining the sentence. *Ratcliff v. United States*, 999 F.2d 1023, 1028 (6th Cir 1993).

Petitioner is not entitled to relief from his sentence on this ground because he has not raised grave doubts as to the veracity of the information or established that the district court relied on false information in determining his sentence. Petitioner's self-serving, after-the-fact assertions do not show the information relied upon by the Court at sentencing was false. Petitioner's main complaint, that law enforcement obtained a statement from him without first giving him a *Miranda* warning is not supported by any evidence. Petitioner has not claimed he was under the influenced of any drugs, intimidated or otherwise tricked to give his statement. Petitioner, who has an extensive criminal history as reflected in the PSR, has not demonstrated his attorney's decision not to challenge his statement was deficient performance that rendered his sentence unreliable.

Counsel is strongly presumed to have rendered adequate legal assistance and to have made all decisions in the exercise of reasonable professional judgment and sound strategy. *Nix v. Whiteside,* 475 U.S. 157, 165 (1986); *Strickland,* 466 U.S. at 689-90; *O'Hara v. Wigginton,* 24 F.3d 823, 828 (6th Cir. 1994). In light of this presumption, Petitioner's argument that the Respondent failed to submit an affidavit to prove Cross's decision not to challenge the information contained in the PSR was, in fact, a strategic decision fails. Tactical choices regarding what issues to raise at sentencing are properly left to the sound judgment of counsel. Petitioner has not shown that the conduct of his attorney was deficient and fell below an objective standard of reasonableness. To the contrary, I conclude the conduct of Cross was objectively reasonable and competent under the circumstances.

In this § 2255 proceeding, Petitioner bears the burden of proving he is entitled to relief. *Owen v. United States,* 660 F.2d 696, 702 (6th Cir. 1981). Petitioner has not met this burden. Counsel's failure to object to information in the PSR where that information is amply supported is not ineffective assistance of counsel. *See Seymour v. Walker*, 224 F.3d 542, 556-57 (6th Cir. 2000); *United States v. Williams*, 176 F.3d 301, 312 (6th Cir. 1999) (stating in the face of the evidence, it was impossible to contend counsel's failure to object to certain information in the presentence report fell below the applicable standard under the first prong of *Strickland*); *Spearman v. Birkett*, No. 00-1669, 2001 WL 505941, at * 1 (6th Cir. May 3, 2001) (holding defendant's claims lacked merit because he did not show he was actually prejudiced by counsel's failure to object to information in the presentence report).

In addition, when given the opportunity to object at the hearing, Petitioner did not do so. To permit collateral attacks on agreements made during sentencing hearings based on after-the-fact assertions that in the face of the record are wholly incredible would make every agreement subject to attack under § 2255 and render the oral responses given by a defendant in open court meaningless. *See Blackledge v. Allsion*, 431 U.S. 63, 73-74 (1977); *Warner v. United States*, 975 F.2d 1207, 1212-13 (6th Cir 1992).

I find Cross's decision not to object to the PSR was well within the range of professionally reasonable judgment. The transcript of the sentencing hearing shows Cross provided Petitioner with a vigorous defense. The failure of defense counsel to pursue frivolous motions and objections cannot constitute ineffective assistance of counsel. *United States v. Hanley*, 906 F.2d 1116, 1121 (6th Cir. 1990). Petitioner has failed to substantiate his claim with allegations of fact that have some probability of verity, and thus, his claim is not sufficient to warrant a hearing. *See Green v. Wingo,*

454 F.2d at 53; *O'Malley v. United States,* 285 F.2d at 735. Petitioner has failed to allege any facts that establish his sentence is in any way subject to collateral attack. Not only has Petitioner failed to show his attorney's performance fell below an objective standard of reasonableness, he has failed to show any prejudice. In summary, Petitioner cannot satisfy the *Strickland* test. Accordingly, I **RECOMMEND** these claims be **DISMISSED**.

**Claims of Ineffective Counsel on Appeal**

Petitioner alleges ineffective assistance of counsel on appeal contending he asked his attorney to file an appeal, but counsel failed to honor that request. The law in the Sixth Circuit is that the failure to perfect a direct appeal, in derogation of a defendant's actual request, is a per se violation of the Sixth Amendment. *Ludwig v. United States,* 162 F.3d 456, 458 (6th Cir. 1998). "[A] defendant's actual 'request' is still a critical element in the Sixth Amendment analysis. The Constitution does not require lawyers to advise their clients of the right to appeal. Rather, the Constitution is only implicated when a defendant actually requests an appeal, and his counsel disregards the request." *Ludwig,* 162 F.3d at 459. While Respondent argues Petitioner did not file an affidavit or submit proof of his request to Cross to file a direct appeal [Doc. No. 5, at 15], Petitioner did submit an affidavit alleging he requested counsel to file an appeal but counsel disregarded that request [Doc. No. 3]. Respondent recites in its brief an unverified account of a conversation with Cross about his discussions with Petitioner about appeal [Doc. No. 5, at 14-15], but submits no proof. Under applicable precedent, an **EVIDENTIARY HEARING** must be scheduled to determine whether the request to file an appeal was timely made and disregarded.

IV. *Conclusion*

Petitioner is entitled to an **EVIDENTIARY HEARING** pursuant to Rule 8 of the *Rules Governing Section 2255 Proceedings* solely to determine whether counsel failed to file a requested appeal. The parties will be afforded an opportunity to supplement the record with additional proof and other materials as provided in Rule 7 of the *Rules Governing Section 2255 Proceedings*. Petitioner will be appointed counsel to represent him solely as to this issue.

In all other respects, I find Petitioner's § 2255 motion to be meritless because Petitioner's conviction and sentence were not in violation of the Constitution or the laws of the United States. Thus, I **RECOMMEND**[1] the motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 as it relates to Petitioner's claims of ineffective assistance at the plea and sentencing proceedings be **DENIED**. A further report and recommendation will be made with respect to Petitioner's remaining claim of ineffective assistance of counsel on appeal after the above referenced evidentiary hearing is concluded.

                                                                                                      s/*Susan K. Lee*
                                                                                                       SUSAN K. LEE
                                                                                                        UNITED STATES MAGISTRATE JUDGE

---

[1] Any objections to this report and recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).