UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at WINCHESTER

| CALVIN HARRIS | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| v. | ) | Nos. 4:03-cv-30 / 4:02-cr-6 |
| | ) | *Judge Edgar* |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

Federal prisoner Calvin Harris ("Harris") brings this action for post-conviction relief pursuant to 28 U.S.C. § 2255. The United States of America opposes the § 2255 motion.

On February 2, 2007, the Court entered a memorandum opinion and order [Doc. No. 16] denying and dismissing with prejudice all of the petitioner's § 2255 claims with one exception. The Court has withheld entry of a final judgment. The only § 2255 claim that remains before the Court for adjudication is the claim by Harris of ineffective assistance of counsel regarding the lack of a direct appeal to the Court of Appeals for the Sixth Circuit from the judgment of conviction and sentence. Harris contends he requested his attorney to file a direct appeal, but his attorney failed to do so. Thus, Harris claims he has been deprived of his right to the effective assistance of counsel in violation of the Sixth Amendment to the United States Constitution.

The Magistrate Judge scheduled an evidentiary hearing for February 26, 2007, on this sole remaining claim and appointed attorney Hallie H. McFadden to represent petitioner Harris at the evidentiary hearing.

1

On February 20, 2007, Harris, by and through his appointed counsel, made a motion for leave to withdraw his 28 U.S.C. § 2255 petition and to cancel the evidentiary hearing. [Doc. No. 17]. The motion states that Harris has reconsidered the issues raised in his § 2255 petition and he now desires to withdraw it. The government does not oppose this motion.

The motion [Doc. No. 17] is **GRANTED IN PART and DENIED IN PART** as follows. It appears from the wording of the motion that Harris seeks leave to withdraw his entire § 2255 petition, including those claims the Court decided to deny and dismiss with prejudice on February 2, 2007. [Doc. No. 16]. This Harris cannot do. The Court will not allow Harris to withdraw the claims presented in his § 2255 petition that have previously been reviewed by the Court on the merits, and that have been denied and dismissed with prejudice. Harris cannot wait until after he receives an adverse decision on the merits and then make a belated motion to withdraw § 2255 claims that have already been denied. Accordingly, to the extent that Harris moves for leave to withdraw his entire § 2255 petition, including those claims the Court has previously decided to deny and dismiss with prejudice, the instant motion to withdraw [Doc. No. 17] is **DENIED.**

To the limited extent that Harris moves for leave to withdraw his 28 U.S.C. § 2255 petition as to the sole remaining claim of ineffective assistance of counsel regarding the fact that a direct appeal from his judgment of conviction and sentence was not filed, his motion [Doc. No. 17] is **GRANTED** and this particular remaining claim is deemed to be **WITHDRAWN**.

The motion by Harris to cancel the evidentiary hearing is **GRANTED.** The evidentiary hearing set for February 26, 2007, before Magistrate Judge Susan K. Lee is hereby **CANCELLED**.

The Court has reviewed this case pursuant to 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a). The Court concludes that any appeal by Harris from this decision would not be taken in good

faith and would be frivolous. Consequently, any application by Harris for leave to proceed on appeal *in forma pauperis* shall be denied pursuant to 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a).

Furthermore, in the event that Harris files a notice of appeal from this decision, such notice of appeal shall be treated as an application for a certificate of appealability which shall be denied pursuant to 28 U.S.C. § 2253(c)(2) and Fed. R. App. P. 22(b)(1). For the reasons expressed by the Court in this memorandum and order, and also expressed in the February 2, 2007, memorandum and order [Doc. No. 16], the Court finds that Harris has not made a substantial showing of the denial of a constitutional right.

A separate final judgment will be entered.

SO ORDERED.

ENTER this 21st day of February, 2007.

                                               /s/   R. Allan Edgar
                                              R. ALLAN EDGAR
                                      UNITED STATES DISTRICT JUDGE